### BREWER d. b. a. BREWER'S MARKET, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.

Common Pleas Court, Franklin County.

No. 186784. Decided April 30, 1953.

Leonard J. Stern, Columbus, for appellant.
C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

ORDER OF BOARD OF LIQUOR CONTROL (SUSTAINING ORDER OF THE DIRECTOR OF THE DEPARTMENT OF LIQUOR CONTROL, REJECTING APPLICATION FOR C-2 [CARRY OUT] permit), **IS REVERSED AND THE APPEAL THEREFROM SUSTAINED.**

The school authorities were notified but did not appear for the hearing before the Board.

Mr. N. J. Barrack appeared as Recreation Director of the City of Columbus pursuant to a resolution of the Recreation Commission requiring him to appear and object whenever it came to his attention that any application had been made for a permit from said Department within 500 feet of one of the city's playgrounds. Mr. Barrack made no other objection to the issuing of the permit. He gave no other reason why the permit should not be issued. In fact he stated that he had not investigated the matters, nor made any study of the facts.

**Sec. 6064-16 GC**, requires written notice to be personally served on the authorities in control of the school, church, library or public playground, and an opportunity shall be provided "said authorities for a **full and complete hearing** before the Director of Liquor Control upon the subject of the advisability of the issuance of the said permit"; (where the permit premises are within 500 feet from the playground, etc.) (Emphasis ours.) It would appear, therefore, that more than just a formal objection is required; otherwise. there would be no occasion, for "a full and complete hearing."

The Court is unable to find that the order of the Board of Liquor Control (sustaining the order of the Director of the Department of Liquor Control, rejecting application for C-2 [Carry-out] Permit), upon consideration of the entire record, is supported by reliable, probative and substantial evidence and is. in accordance with law; and, therefore, reverses said order, and sustains the appeal therefrom.

Entry accordingly with exceptions by counsel for the Board.