**CORWIN et, Appellants, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5903.    Decided January 12, 1959.

Francis M. Marley, for appellant.
William Saxbe, John W. Leibold, for appellee.

(GRIFFITH, J, of the Seventh District, YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation.)

**OPINION**

By YOUNGER, J.

This case is before the Court on an appeal from the decision of the Common Pleas Court of Franklin County affirming the decision of the Board of Liquor Control in denying appellant's application for a D-5 permit.

Appellants have had D-1 and D-2 permits for some time, and according to the record, have operated in a lawful and orderly manner, and with no complaints directed against them.

Appellants' place of business is located within three hundred twenty-five (325) feet of a church, which church moved to its present location subsequent to appellants receiving D-1 and D-2 permits, and upon receipt of the application in question a written notice was given to the church,

pursuant to §4303.26 R. C., advising of the application and the time for hearing.

At the hearing, the church was represented by the minister, who objected to the issuance of the permit applied for, and on being questioned as to the reasons stated as follows: "Well, first, is the religious organization concerned. We are strictly against, for moral purposes, we feel that our duty, as a church and as a trust that's committed to us to oppose all traffic in intoxicating liquor. We feel, for that reason, that we must oppose it. Then we feel that for the second reason, as a group, we have invested a lot of money. We have in excess of $250,000.00 in property. We feel that it is not a very good influence, that it isn't the proper thing, to have a saloon, or a liquor spot, right so close to the church."

The contention of the appellee is shown from the following quotation from page four of its brief:

"In the instant case, the church objected both at the hearing before the Director and at the hearing before the Board. This fact, coupled with the fact that the church lies only three hundred twenty-five feet from appellant's premises, supplies reliable, substantial, and probative evidence to support the order of the Board to the effect that the Director did not abuse his discretion in rejecting appellant's application."

It is further the appellee's contention that the case of **Codic v. Board of Liquor Control, 98 Oh Ap 388,** is decisive under the facts here, and requires an affirmance of the decision of the Common Pleas Court.

Speaking for the Common Pleas Court, Judge Reynolds criticized the Codic case and stated as follows:

"It is difficult for this Court to attach to the statute the meaning contended by the State and, but for the decision of our own Court of Appeals in the case of **Codic v. Board of Liquor Control, 98 Oh Ap 388,** the decision in the case of **Brewer v. Board of Liquor Control, 66 Abs 191,** would be followed."

After further discussion of the Codic case, Judge Reynolds said further:

"At best, this decision leaves some uncertainty which should be resolved in a proper case, and the instant case appeals to the Court as one in which the question may be definitely settled, without the interjection of an observation which was irrelevant and uncalled for by the evidence, and it is suggested that this case be appealed to the Court of Appeals."

The second syllabus in the Codic case is as follows:

"2. There is substantial probative evidence to support the action of the Board of Liquor Control in refusing to issue a liquor permit, where the permit premises are to be operated within a distance of five hundred feet from a church."

The section of the Revised Code involved in this case is §4303.26 R. C., and, omitting the inapplicable parts, is as follows:

"No permit shall be issued . . . if the business specified in the permit applied for is to be operated within five hundred feet from a . . . church . . . until written notice of the filing of said application has been personally served upon the authorities in control of said church . . . and

an opportunity provided said authorities for a complete hearing before the Director . . . upon the advisibility of the issuance of the said permit."

The writer of this opinion believes the decision in the Codic case is inherently wrong, as it is contrary to the expressed intention of the legislature. The legislature did not say that no permit should be issued if the premises were within five hundred feet of a church. Neither did the legislature say that no permit should be issued unless the church consented to the issuance of the permit. If the legislature had intended to say that the mere presence of a church within five hundred feet of the permit premises should prevent the issuance of the permit either with or without the consent of the church, it would have said so in plain and simple language. If the fact of proximity alone is sufficient, what else is left upon which to hold a full and complete hearing? Surely not as suggested by the appellee: the questions merely of whether or not the church involved is a bona fide religious organization, or whether the distances were computed correctly.

The vice in the Codic decision is that it takes one factor involved, which factor is common to and present in every case that could possibly arise under this section of the Revised Code, and which factor in and of itself is insufficient as a matter of law, and uses that single common and insufficient factor as the only yardstick to measure whether or not there was substantial probative evidence to support the order denying a permit. Consequently, under the Codic decision it does not appear that there could ever be a successful appeal based upon any of the other matters involved in determining the advisability of issuing a permit.

Any action taken by the Director in rejecting an application for a permit based solely upon the fact that the permit premises are within five hundred feet of a church, or in adopting a policy by which all such applications are denied, would be an abuse of discretion and unreasonable, as being beyond and in conflict with the intention of the legislature.

However, under the statute, all appeals from the Board of Liquor Control go to the Common Pleas Court of Franklin County, and all appeals therefrom are before the Court of Appeals of Franklin County. While the members of this present Court are from other appellate judicial districts, they are now sitting in this case by assignment in the Tenth Appellate Judicial District, and for all intents and purposes are, for the time being, members of the Court of Appeals of Franklin County.

If the writer of this opinion were sitting in his own judicial district, he would not hesitate to join in deciding this case differently and certifying the decision to the Supreme Court, as being in conflict with the Codic decision.

Although the members of this Court disagree with the Codic decision they feel that it is their duty to affirm the judgment of the court below, and, in support of their position, quote the following from 14 O. Jur. 2d, page 650, Courts, paragraph 220:

"While a Court of Appeals has the power to re-determine a decision made by the judges of another district, sitting in the district of the

forum, it has been stated that the former court should adhere to the former decision **unless it is very clearly erroneous."** (Emphasis added.)

The record in the case before us does not show affirmatively that the Director or the Board rejected the application for the permit solely on the grounds that the permit premises were located within five hundred feet of a church, and it does not affirmatively appear that the Director did not exercise the broad discretion bestowed upon him by law. On the facts of this case we cannot, therefore, determine that the decision in the Codic case is "very clearly erroneous," although we disagree with it in principle.

An entry may be drawn accordingly, affirming the decision of the court below.

GRIFFITH, PJ, GUERNSEY, J, concur.